# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

| | |
|---|---|
| **LESLIE G. ESSIF**, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:22-cv-00130 – KAC-JEM |
| **UNIVERSITY OF TENNESSEE, KNOXVILLE,** *et al.*, | ) JURY DEMANDED |
| Defendants. | ) |

## ANSWER OF DEFENDANTS TO SECOND AMENDED COMPLAINT

Defendants, Donde Ashmos Plowman, in her official capacity as Chancellor of the University of Tennessee, Knoxville ("UTK"), John Zomchick, in his official capacity as Provost and Vice Chancellor of UTK, and Theresa Lee, in her official capacity as Dean of the College of Arts and Sciences at UTK, answer Plaintiff's Second Amended Complaint as follows:

### RESPONSE TO INTRODUCTION

The section of Plaintiff's Second Amended Complaint labeled "Introduction" consists largely of conclusory statements, arguments, and legal averments that require neither an admission nor a denial. Insofar as this section contains any factual allegations, Defendants deny those allegations.

## RESPONSE TO ENUMERATED PARAGRAPHS

1. Defendants admit the allegations in the first sentence of Paragraph 1 on information and belief. Defendants admit that Plaintiff was previously employed by UTK as a Professor of French in the Department of Modern Foreign Languages and Literatures (the "Department") from 1994 until his retirement in 2017. Defendants further admit that UTK designated Plaintiff as a "Professor Emeritus" upon his retirement. Defendants deny all remaining allegations in Paragraph 1.

2. Defendants admit that Defendant Plowman is Chancellor of UTK. Defendants further admit that the University is an instrumentality of the State of Tennessee. Defendants deny all remaining allegations in Paragraph 2.

3. Defendants admit that Defendant Zomchick is Provost and Vice Chancellor of UTK. Defendants further admit that the University is an instrumentality of the State of Tennessee. Defendants deny all remaining allegations in Paragraph 3.

4. Defendants admit that Defendant Lee is Dean of the College of Arts and Sciences of UTK. Defendants further admit that UTK is an instrumentality of the State of Tennessee. Defendants deny all remaining allegations in Paragraph 4.

5. Defendants admit that jurisdiction in this Court is proper.

6. Paragraph 6 contains legal conclusions that require neither an admission nor a denial. Insofar as Paragraph 6 contains any factual allegations, Defendants deny those allegations.

7. Defendants admit that venue in this judicial district is proper.

8. Defendants admit the allegations in Paragraph 8 on information and belief.

9. Defendants admit the allegations in Paragraph 9 on information and belief.

10. Defendants admit the allegations in Paragraph 10 on information and belief.

11. Defendants admit that Plaintiff joined UTK as an Assistant Professor of French in the fall of 1994. Defendants deny all remaining allegations in Paragraph 11.

12. Defendants admit that Plaintiff was promoted to Associate Professor of French in August of 2000. Defendants deny all remaining allegations in Paragraph 12.

13. Defendants admit that Plaintiff was promoted to Professor in August of 2006 and that he retired in 2017. Defendants deny all remaining allegations in Paragraph 13.

14. Defendants admit that Plaintiff published multiple books and articles during his employment at UTK. Defendants deny all remaining allegations in Paragraph 14.

15. Defendants admit that Plaintiff received numerous awards during his employment at UTK, including the Chancellor's Excellence in Teaching Award and the Lindsay Young Professorship. Defendants deny all remaining allegations in Paragraph 15.

16. Defendants admit the allegations in Paragraph 16 on information and belief.

17. Defendants admit that the student who made the complaint at issue in this lawsuit, who shall be referred to in this answer as "Jane Doe," was a first-year master's student in the Department in the fall of 2016. Defendants further admit that Jane Doe

3

completed the undergraduate program at UTK. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 17 and, therefore, deny those allegations.

18. Defendants admit the allegations in Paragraph 18 on information and belief.

19. Defendants admit the allegations in Paragraph 19 on information and belief.

20. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 20 and, therefore, deny those allegations.

21. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 21 and, therefore, deny those allegations.

22. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 22 and, therefore, deny those allegations.

23. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 23 and, therefore, deny those allegations.

24. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 24 and, therefore, deny those allegations.

25. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 25 and, therefore, deny those allegations.

26. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

27. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

28. Defendants admit the allegations in Paragraph 28 on information and belief.

29. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 29 and, therefore, deny those allegations.

30. Defendants lack sufficient knowledge to admit or deny the allegations in the first three sentences of Paragraph 30 and, therefore, deny those allegations. Defendants deny the allegations in the fourth sentence of Paragraph 30.

31. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 31 and, therefore, deny those allegations.

32. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 32 and, therefore, deny those allegations.

33. The document attached to Plaintiff's Second Amended Complaint as Exhibit B speaks for itself.

34. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 34 and, therefore, deny those allegations.

35. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 35 and, therefore, deny those allegations.

36. Defendants admit that Plaintiff's emeritus status was revoked in December of 2020. Defendants lack sufficient knowledge to admit or deny the remaining allegations in Paragraph 36 and, therefore, deny those allegations.

37. Defendants admit the allegations in Paragraph 37.

38. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

39. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

40. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

41. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

42. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

43. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

44. Defendants deny the allegations in Paragraph 44.

45. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

46. The document attached to Plaintiff's Second Amended Complaint as Exhibit A speaks for itself.

47. Defendants admit that the Office of Title IX was established effective the Fall of 2017, although the formal functions of the office were already underway. The first version of the Policy on Sexual Misconduct, Relationship Violence, and Stalking became effective on or about August 19, 2015, but the 2016 Policy was in place at all relevant

times. The documents attached to Plaintiff's Second Amended Complaint as Exhibits A and C speak for themselves.

48. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 48 and, therefore, deny those allegations.

49. The video posted on the link attached in Paragraph 49 speaks for itself. The averments in the third sentence of Paragraph 49 are legal arguments that require neither an admission nor a denial.

50. Defendants admit the allegations in the first sentence of Paragraph 50. Defendants lack sufficient knowledge to admit or deny the allegation in the remainder of Paragraph 50 and, therefore, deny those allegations.

51. Defendants admit that Plaintiff retired in the spring of 2017. Defendants lack sufficient knowledge to admit or deny the allegation in the remainder of Paragraph 51 and, therefore, deny those allegations.

52. The document attached to Plaintiff's Second Amended Complaint as Exhibit D speaks for itself.

53. Defendants admit that Dr. Del Caro and Defendant Lee recommended Plaintiff for Professor Emeritus status. Defendants deny the remaining allegations in Paragraph 53.

54. The document attached to Plaintiff's Second Amended Complaint as Exhibit E speaks for itself.

55. The document attached to Plaintiff's Second Amended Complaint as Exhibit E speaks for itself.

56. Defendants admit the allegations in Paragraph 56.

57. Defendants admit the allegations in the first sentence of Paragraph 57. The document attached to Plaintiff's Second Amended Complaint as Exhibit F speaks for itself.

58. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 58 and, therefore, deny those allegations.

59. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 59 and, therefore, deny those allegations.

60. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 60 and, therefore, deny those allegations.

61. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 61 and, therefore, deny those allegations.

62. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 62 and, therefore, deny those allegations.

63. Defendants admit the allegations in Paragraph 63 on information and belief.

64. Defendants admit the allegations in Paragraph 64 on information and belief.

65. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 65 and, therefore, deny those allegations.

66. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 66 and, therefore, deny those allegations.

67. The document attached to Plaintiff's Second Amended Complaint as Exhibit G speaks for itself.

68. The document attached to Plaintiff's Second Amended Complaint as Exhibit G speaks for itself. Defendants lack sufficient knowledge to admit or deny the allegations in the second sentence of Paragraph 68 and, therefore, deny those allegations.

69. The document attached to Plaintiff's Second Amended Complaint as Exhibit G speaks for itself.

70. Defendants admit that the Office of Equity and Diversity (OED) initiated an investigation against Plaintiff. The document attached to Plaintiff's Second Amended Complaint as Exhibit G speaks for itself.

71. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 71 and, therefore, deny those allegations.

72. Defendants lack sufficient knowledge to admit or deny the allegations in Paragraph 72 and, therefore, deny those allegations.

73. The document attached to Plaintiff's Second Amended Complaint as Exhibit H speaks for itself.

74. The document attached to Plaintiff's Second Amended Complaint as Exhibit H speaks for itself.

75. The document attached to Plaintiff's Second Amended Complaint as Exhibit H speaks for itself.

76. The document attached to Plaintiff's Second Amended Complaint as Exhibit H speaks for itself.

77. The documents attached to Plaintiff's Second Amended Complaint as Exhibits H and I speak for themselves.

78. The document attached to Plaintiff's Second Amended Complaint as Exhibit H speaks for itself.

79. Defendants lack sufficient knowledge to admit or deny the allegations in the first sentence of Paragraph 79 and, therefore, deny those allegations. Defendants deny all allegations in the remainder of Paragraph 79.

80. Defendants admit that Plaintiff sent an email to Defendant Zomchick and Nick Meanza on or about December 16, 2020. The document attached to Plaintiff's Second Amended Complaint as Exhibit J speaks for itself.

81. Defendants admit that the University reopened the investigation to allow Plaintiff to participate and respond. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 81 and, therefore, deny those allegations.

82. Defendants admit that Plaintiff's counsel sent a letter to the University on or about February 3, 2021. The letter speaks for itself.

83. Defendants admit that Plaintiff, his counsel, Nick Meanza, and University counsel participated in a Zoom conference on or about March 12, 2021. Defendants further admit that participation by counsel was limited to an advisory capacity. Defendants further admit that Mr. Meanza's role was as investigator and not as decision-maker. Defendants deny all remaining allegations in Paragraph 83.

84. The statements made by Plaintiff during the Zoom conference speak for themselves.

85. Defendants deny the allegations in Paragraph 85.

86. Defendants deny the allegations in Paragraph 86.

87. Defendants admit that Plaintiff's counsel contacted the University's counsel on or about April 1, 2021 and that the University's counsel responded. Those communications speak for themselves.

88. Defendants admit that Plaintiff's counsel e-mailed the University's counsel on or about June 30, 2021. That communication speaks for itself.

89. The documents attached to Plaintiff's Second Amended Complaint as Collective Exhibit K speak for themselves.

90. The documents attached to Plaintiff's Second Amended Complaint as Collective Exhibit K speak for themselves.

91. The documents attached to Plaintiff's Second Amended Complaint as Collective Exhibit K speak for themselves.

92. The documents attached to Plaintiff's Second Amended Complaint as Collective Exhibit K and Exhibits L and M speak for themselves.

93. In response to the first sentence in Paragraph 93, the document attached to Plaintiff's Second Amended Complaint as Exhibit N speaks for itself. Defendants deny the allegations in the second sentence of Paragraph 93.

94. The document attached to Plaintiff's Second Amended Complaint as Exhibit L speaks for itself.

95. The document attached to Plaintiff's Second Amended Complaint as Exhibit L speaks for itself. Defendants deny all other allegations in Paragraph 95.

96. Defendants deny the allegations in Paragraph 96.

97. The document attached to Plaintiff's Second Amended Complaint as Exhibit L speaks for itself. Defendants deny all other allegations in Paragraph 97.

98. The documents attached to Plaintiff's Second Amended Complaint as Exhibits M and O speak for themselves. Defendants deny all other allegations in Paragraph 98.

99. The document attached to Plaintiff's Second Amended Complaint as Exhibit P speaks for itself.

100. The document attached to Plaintiff's Second Amended Complaint as Exhibit P speaks for itself.

101. The document attached to Plaintiff's Second Amended Complaint as Exhibit P speaks for itself.

102. The document attached to Plaintiff's Second Amended Complaint as Exhibit P speaks for itself.

103. Defendants deny the allegations in Paragraph 103.

104. Defendants deny the allegations in Paragraph 104.

105. Defendants deny the allegations in Paragraph 105.

106. Defendants deny the allegations in Paragraph 106.

107. Defendants deny the allegations in Paragraph 107. The documents attached to Plaintiff's Second Amended Complaint as Exhibits A, Q and R speak for themselves.

108. The document attached to Plaintiff's Second Amended Complaint as Exhibit R speaks for itself.

109. The document attached to Plaintiff's Second Amended Complaint as Exhibit R speaks for itself. Insofar as Paragraph 109 contains any factual allegations, Defendants deny those allegations.

110. The documents attached to Plaintiff's Second Amended Complaint as Exhibits Q and R speak for themselves. Defendants deny all factual allegations in Paragraph 110.

111. Defendants deny the allegations in Paragraph 111.

112. Defendants admit the allegations in Paragraph 112.

113. The document attached to Plaintiff's Second Amended Complaint as Exhibit R speaks for itself.

114. The documents attached to Plaintiff's Second Amended Complaint as Exhibits A and R speak for themselves. Defendants deny all factual allegations in Paragraph 114.

115. Defendants deny the allegations in Paragraph 115.

116. Defendants deny the allegations in Paragraph 116.

117. Defendants deny the allegations in Paragraph 117.

118. Defendants incorporate their responses to Paragraphs 1 through 117 as if fully set forth herein.

119. The allegations in Paragraph 119 are legal averments that require neither an admission nor a denial. Insofar as any factual allegations are stated in Paragraph 119, Defendants deny those allegations.

120. The allegations in Paragraph 120 are legal averments that require neither an admission nor a denial. Insofar as any factual allegations are stated in Paragraph 120, Defendants deny those allegations.

121. The allegations in Paragraph 121 are legal averments that require neither an admission nor a denial. Insofar as any factual allegations are stated in Paragraph 121, Defendants deny those allegations.

122. Defendants deny the allegations in Paragraph 122.

123. Defendants deny the allegations in Paragraph 123.

124. Defendants deny the allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126.

127. Defendants deny the allegations in Paragraph 127.

128. Defendants deny the allegations in Paragraph 128.

129. Defendants deny the allegations in Paragraph 129.

130. Defendants deny the allegations in Paragraph 130.

131. Defendants deny the allegations in Paragraph 131.

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny the allegations in Paragraph 133.

134. Defendants deny the allegations in Paragraph 134.

135. Defendants admit the allegations in Paragraph 135 on information and belief.

136. Defendants incorporate their responses to Paragraphs 1 through 135 as if fully set forth herein.

137. Defendants deny the allegations in Paragraph 137.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any relief sought in his Prayer for Relief, or to any other relief whatsoever.

**AFFIRMATIVE DEFENSES**

**First Defense**

Plaintiff has failed to state a claim for relief as to any action under 42 U.S.C. § 1983 for failure to allege the deprivation of a federal constitutional or statutory right or damages.

**Second Defense**

Plaintiff has failed to state a claim for relief as there is no private right of action under Article 1, Section 8 of the Tennessee Constitution.

**Third Defense**

Defendants, being government officials performing discretionary functions, have Unlimited or Qualified Immunity.

Defendants reserve the right to assert additional defenses as established by the facts of the case.

WHEREFORE, having fully answered the Second Amended Complaint, Defendants request that this matter be dismissed and that it be awarded its attorney's fees, costs, and all other relief to which it may be entitled.

Respectfully submitted this 8th day of July, 2022.

                                                     s/*Michael D. Fitzgerald*
                                                   Michael D. Fitzgerald, BPR # 020079
                                                   Associate General Counsel
                                                   The University of Tennessee
                                                   Office of the General Counsel
                                                   505 Summer Place, UTT#1155
                                                   Knoxville, TN 37902
                                                   (865) 974-3245
                                                   mike.fitzgerald@tennessee.edu

                                                   Attorney for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 8, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                   s/ *Michael D. Fitzgerald*
                                                   Michael D. Fitzgerald (BPR #020079)